IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT AND RENAE BAFUS, | ) | |
| | ) | Case No. CV-04-121-S-BLW |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| ASPEN REALTY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| CURTIS AND GWENDOLYN, BLOUGH, | ) | |
| | ) | |
| | ) | Case No.  CV-06-059-S-BLW |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLLAND REALTY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| GARY AND SHAWNA YASUDA, | ) | |
| | ) | Case No.  CV-06-060-S-BLW |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEL-EQUITY, CO., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Memorandum Decision and Order - 1**

MERRITHEW/HOWELL,       )

                                       )     Case No.  CV-06-061-S-BLW

              Plaintiffs,      )

                                       )

      v.                       )

                                     )

PARK POINTE REALTY, INC.,   )

                                     )

           Defendant.      )

_____ )

## INTRODUCTION

The Court has before it several motions in four separate cases.  Although the cases are proceeding separately, the Court held a combined hearing on February 6 and 9, 2007 in all four cases because the legal issues are similar in each case.

In this Memorandum Decision and Order, the Court will address the following motions in Case No. CV-04-121-S-BLW: (1) Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 104); (2) Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 109); and (3) Defendant's Motion for Clarification of Class Certification Decision (Docket No. 121).  The Court will also address the following motions in Case No. CV-06-59-S-BLW: (1) Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 21); (2) Defendant's Motion for Leave to File Amended Answer to Plaintiff's [Third] Amended Complaint and

**Memorandum Decision and Order - 2**

Demand for Jury Trial (Docket No. 22); (3) Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 25); and (4) Defendant's Motion for Clarification of Class Certification Decision (Docket No. 27). The Court will also address the following motions in Case No. CV-06-60-S-BLW: (1) Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 23); (2) Defendant's Motion for Clarification and/or Reconsideration of Class Certification Decision (Docket No. 32); and (3) Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 40). The Court will also address the following motions in Case No. 06-61-S-BLW: (1) Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 31); (2) Defendant's Motion for Clarification of Class Certification Decision (Docket No. 45); and (3) Defendant's Motion to Dismiss Plaintiff's Real Estate Settlement Procedures Act Claim (Docket No. 52).

## ANALYSIS

**A.    Motions to Clarify Class Certification Decision**

In an earlier decision, this Court certified the following class in each of the four cases:

> All persons who: (1) bought an undeveloped lot in a subdivision in the Boise, Idaho greater metropolitan area in which Defendant has or had the exclusive right to market or sell the subdivision lots on behalf of the

**Memorandum Decision and Order - 3**

developer; (2) were required to build a house on the lot in
order to buy the lot; and (3) were required to pay
Defendant a commission based on the cost of the lot plus
the actual or estimated cost of the house in order to buy
the lot.

Defendants claim that this class definition is imprecise or uncertain in three

ways: (1) it lacks temporal limitations; (2) its geographical limitation is imprecise;

and (3) it is uncertain whether the phrase "exclusive right to market or sell the

subdivision lots on behalf of the developer" is intended to mean only a legally

enforceable contractual right.  Defendants also claim that the class definition

should specify that this is a tying arrangement and define the tying and tied

products/services.

### 1.      Temporal Limitations

With respect to the temporal limitations, Defendants argue that the class

definition should be modified to provide that only persons who closed their home

purchase between August 18, 2001 and February 28, 2006 are eligible for class

membership.  Based on the four-year statute of limitations, Plaintiffs do not dispute

the August 18, 2001 beginning date.  The Court agrees.

As to the ending date, Defendants contend that February 28, 2006 should be

used because that is the date on which Plaintiffs filed their most recent amended

complaints.  Pursuant to F.R.C.P. 15(d), a party must seek leave of the court to

**Memorandum Decision and Order - 4**

plead claims based on transactions, occurrences or events which have happened since the date of a party's last pleading.  See F.R.C.P. 15(d).  Plaintiffs have not sought leave of this Court.

After initially contesting Defendants' request for an ending date, Plaintiffs ultimately agreed during oral argument that Rule 15 prevents them from asserting claims based on transactions that occurred after the filing of their latest amended complaint, without first seeking leave of the Court.  Accordingly, the Court will use the February 28, 2006 ending date.

### 2.    Geographical Limitations

The parties agree that the class definition should limit class membership to persons who bought a home in either Ada, Boise, Canyon, Gem or Owyhee county. The Court agrees.

### 3.    Exclusive Right

Defendants suggest that the requisite "exclusive right" in the class definition must be identified as a legally enforceable exclusive marketing agreement.  As this Court has previously stated, "[a] *per se* tying violation is proscribed without examining the actual market conditions, when the seller has such power in the tying product or service market that the existence of forcing is probable, . . . and there is a substantial potential for impact on competition."  *County of Tuolumne,*

**Memorandum Decision and Order - 5**

236 F.3d 1148, 1157 (9th Cir. 2001) (internal quotations and citations omitted).

The following three elements must be met in order to establish that a tying

arrangement is illegal *per se*: "(1) a tie between two separate products or services

sold in relevant markets, (2) sufficient economic power in the tying product market

to effect the tied market, and (3) an effect on a not-insubstantial volume of

commerce in the tied product market." *Id*. at 1157-58.

There is no requirement that economic power be based on a legally

enforceable contract.  In this case, Defendants may have sufficient economic power

by controlling the sale of the undeveloped lots regardless of whether an exclusive

contract exists.  Sufficient economic power may be created by the existence of a

practice which excludes others from participating in the market.  Therefore, the

Court does not agree that the "exclusive right" must be defined as a legally

enforceable exclusive marketing agreement –  at least not for purposes of class

certification.  It may be that Plaintiffs' claims will fail without a legally

enforceable contract.  However, that question is better left for summary judgment.

### 4.    Tying Arrangement

Finally, Defendants suggest that the class certification order should include

an introduction stating that the claim is a tying arrangement, and defining the tying

and tied products/services.  Given some of the loose language that has been used in

this case, the Court agrees that some sort of clarification is needed.  Moreover, as the Court indicated at oral argument, such clarification should be based on the four corners of the most recent amended complaints.

The most recent amended complaints specifically state that "the tying product is the sales of undeveloped lots" and the tied product "is the Defendants' services, i.e. commissions, with regard to sale of developed lots."  (See e.g., *Merrithew/Howell v. Park Pointe* Amended Complaint, Docket No. 7, ¶ 25).[1]  The Court will therefore clarify the class definition by including these definitions of the tying and tied products/services.  However, as with the exclusive right issue, whether these definitions of the tying and tied products/services are sufficient as a matter of law for Plaintiffs to prevail on their antitrust claims is an issue better left for summary judgment.

### 5.    Revised Class Certification

---

[1] In the Yasuda v. Sel-Equity matter, Plaintiffs state that "the tying product is the (sic) of undeveloped lots."  (See Yasuda v. Sel-Equity Amended Complaint, Docket No. 5, ¶ 27).  In the Bafus v. Aspen matter, Plaintiffs state that "the tying product is the undeveloped lots."  (See Bafus v. Aspen Amended Complaint, Docket No. 83, ¶ 34).  Based on Plaintiffs' counsel's assertions at oral argument that the complaints state that the tying product is "the sales of undeveloped lots," coupled with the grammatical errors in the Yasuda matter, the Court will assume that these statements in the Yasuda and Bafus matters are typos, and that Plaintiffs in all four cases meant to state in their respective amended complaints that "the tying product is the sales of undeveloped lots."  If this is not true, counsel for Plaintiffs must immediately contact counsel for defendants and the law clerk assigned to these cases, Jeff Severson, to discuss a process for clarifying this issue.

**Memorandum Decision and Order - 7**

Based on the above analysis, and pursuant to FRCP 23(c)(1)(B), the Court will revise the certified class as follows:

> The claim to be adjudicated on a class basis is Plaintiffs' tying claim under federal and state antitrust laws, in which the tying product/service is the sales of undeveloped lots and the tied product/service is the Defendants' services, i.e. commissions, with regard to sale of developed lots. The class shall consist of all persons who: (1) bought an undeveloped lot in a subdivision in either Ada, Boise, Canyon, Gem or Owyhee county, Idaho between August 18, 2001 and February 28, 2006 in which Defendant has or had the exclusive right to market or sell the subdivision lots on behalf of the developer; (2) were required to build a house on the lot in order to buy the lot; and (3) were required to pay Defendant a commission based on the cost of the lot plus the actual or estimated cost of the house in order to buy the lot.

## B.      Motions for Approval of Form and Manner of Class Notice

The plaintiffs in each case have filed motions for approval of the form and manner of the class notice. The parties in each case have agreed on most aspects of the class notice. However, a few disputes still exist. Although some of the disputes were raised in only one or two of the four cases, the Court finds that they are all relevant to all four cases. Accordingly, the findings below apply to all four cases.

First, Defendants request that the opt-out period be 60 days, and Plaintiffs request that it be 30 days. In order to give recipients sufficient time to review the

**Memorandum Decision and Order - 8**

notice and consult with outside counsel if necessary, the Court finds that the 60-day opt-out period is more appropriate.  Accordingly, the Court will require a 60-day opt-out period.

Second, Defendant Park Pointe requests that Plaintiffs enclose with the class notice a pre-addressed, stamped postcard in which the class member can check one box if he/she decides to stay in the class (essentially opt-in), or check another box if he/she decides to opt-out of the class.  The Court finds this suggestion unprecedented and unnecessary.  The Court will not require this type of notice.

Third, Defendants Sel-Equity, Aspen and Holland suggest that, at the very least, Plaintiffs must include a simple opt-out form  (without the opt-in option) which recipients can mark and return, in a pre-addressed and stamped envelope. The Court finds this request fair-minded and beneficial.  Accordingly, although the Court will not approve a form which includes an opt-in option, the Court will require that Plaintiffs include a simple opt-out form that recipients can mark and return, in a pre-addressed and stamped envelope.  The Court will also require that Question 9 of the notice reflect the inclusion of the opt-out form and self-addressed, stamped envelope.

Fourth, with respect to the first paragraph under Question 2 of the proposed notice, Defendant Holland seeks a different description of the class claims than that

**Memorandum Decision and Order - 9**

proposed by Plaintiffs.  Holland asserts that Plaintiffs' description of the claim

misrepresents the Bloughs' claim by stating that Holland charged a commission

based on the price of the home the Bloughs "intended to build" on the undeveloped

lot.  Holland contends that Plaintiffs' description misrepresents the claim by stating

that Defendant charged a commission based on an assumed price of a nonexistent

home.

     In their most recent amended complaint, the Bloughs state that Holland

informed them that they "could not buy and pay a commission on only the lot."

(Case No. CV-06-59-S-BLW, Docket No. 5, ¶ 12).  The Bloughs ultimately claim

that "[a]t closing, [they] paid a commission to Holland Realty based upon the value

of the lot as well as the completed home."  Id. at ¶ 15.  Thus, based on the

Bloughs' amended complaint, Holland is correct in asserting that the Bloughs'

claim is better described as asserting that they paid a commission based on the lot

plus the completed house, not a commission based on the lot plus an assumed price

of a nonexistent home.

     Defendants Sel-Equity and Aspen make similar arguments in their respective

cases.  Moreover, the amended complaints in those cases also support a finding

that the claims are better described as asserting that Plaintiffs paid a commission

based on the lot plus the completed house, not a commission based on the lot plus

**Memorandum Decision and Order - 10**

an assumed price of a nonexistent home.  For example, in *Yasuda v. Sel-Equity*, Plaintiffs state that they "were required to pay a three percent (3%) commission based on the total cost of the lot and the house as well as a three percent commission on the cost of the shop constructed. . . .  Thus, on closing on January 28, 2004, the Yasudas were required to pay approximately thirteen thousand six hundred thirty-two ($13,632) extra in commissions and purchase a house and shop at an inflated cost."  (Case No. CV-06-60-S-BLW, Docket No. 5, ¶ 13).  In *Bafus v. Aspen*, Plaintiffs' amended complaint states that "[a]s a result of the actions of Coldwell Banker Aspen Realty, the Bafuses' purchase included a six percent (6%) Buyer's broker fee based on the one hundred and fifty-one thousand dollar ($151,000.00) cost of the lot and the house."  (Case No. CV-04-121-S-BLW, Docket No. 83 ¶ 14).

Finally, although Defendant Park Pointe does not make a similar argument, the amended complaint in the *Merrithew/Howell v. Park Pointe* matter also supports a finding that the claim is better described as asserting that Plaintiffs paid a commission based on the lot plus the completed house, not a commission based on the lot plus an assumed price of a nonexistent home.  In that case, the amended complaint states that "[a]s a result of John L. Scott's actions, the Merrithews were required to pay a six percent (6%) commission based on the total cost of the lot and

the house."  (Case No. 06-61-S-BLW, Docket No. 7, ¶ 11).

The Court will therefore revise the first paragraph under Question 2 of the notice.  However, rather than using Defendants' proposed descriptions of the claims, the Court will simply require that Plaintiffs substitute in the word "built" for the phrase "intended to build."  (See e.g. Case No. 06-61-S-BLW, Docket No. 31, Exhibit , p. 3).

Fifth, Defendant Park Pointe seeks to add language under Question 3 of the proposed notice setting forth the thought process in which a recipient of the notice must engage in when determining if he/she is a class member.  (See Case No. 06-61-S-BLW, Docket No 32, p. 2 for suggested language).  Park Pointe suggests that the language clarifies and emphasizes the elements of the class definition which must be present in order for an individual to be a class member.  The Court finds that the proposed language is little more than a re-statement of the class definition, and is therefore unnecessary.  Accordingly, the Court will deny the request to add the additional language.

Sixth, Defendant Park Pointe requests that the Court strike certain language under Question 8 of the proposed notice.  The specific language that Park Pointe seeks to strike is the strike-through language set out on page 3 of Plaintiffs' opening brief in the *Merrithew v. Park Pointe* matter (Case No. 06-61-S-BLW,

**Memorandum Decision and Order - 12**

Docket No 32, p. 3).  In essence, the language states what a recipient should do if he/she excludes himself/herself from the class and starts his/her own lawsuit against the defendant.

Plaintiffs believe that the recipients should be given this information so that they are fully informed.  Plaintiffs also note that the language comes from a sample notice on the Federal Judiciary Center's ("FJC") website.[2]

The Court finds that the additional language is not misleading and does provide critical information for the class members.  Although it may not be necessary to satisfy the Rule 23(c)(2)(B) requirements, it is clearly relevant and important to a class member's decision whether to opt out of the class.  Accordingly, the Court will not require Plaintiffs to strike the language from the notices.

Seventh, in the *Blough v. Holland* matter, Plaintiffs identified other assumed disagreements between the parties, including a disagreement over language under Question 2 of the notice relating to Holland's position and language under

---

[2]  The sample notice on the FJC's website includes this language under a the question "Why would I ask to be excluded?"  In the cases before this Court, the language is included under the question "What is the effect of the class certification on me?"  There is no "Why would I ask to be excluded?" question in the form proposed for the  cases before this Court.  However, the differences in the structure and form of the notice utilized does not diminish the fact that the drafter of the sample notice felt that the information was important to include in a notice to class members.  The Court agrees.

**Memorandum Decision and Order - 13**

Question 3 stating that if the recipient purchased an existing or spec home, he/she is not a member of the Class.  Holland failed to respond to these supposed disagreements.  The Court will therefore assume there is no disagreement and will approve Plaintiffs' requests.

Eighth, although Plaintiffs agree to state that the class will be limited to persons who purchased lots on or after August 17, 2001 due to the statute of limitations, Plaintiffs do not agree that an ending date should be included.  Given the Court's determination above that the claims are cut-off as of the date of the last amended complaint, the Court finds that a February 28, 2006 ending date must be included.

Ninth, Defendants Sel-Equity and Aspen propose adding language following the class definition informing the recipients that certain things are not against the law.  Such language is unnecessary and not in line with the Rule 23(c)(2)(B) requirement that the notice be concisely and clearly stated in plain, easily understood language.  The Court will therefore deny the request.

Tenth, the Court agrees that the notice should state that trial will not take place until at least 2008 instead of 2007.

Eleventh, the Court will require that the revised version of the certified class, as explained above, be substituted in for the old version found under Question 3 of

**Memorandum Decision and Order - 14**

the notice.

Twelfth, Defendants suggest that the notice is premature and should not be sent out until after this Court rules on the motions to clarify class certification, after the Court determines whether Plaintiffs will be allowed to pursue claims against principals, and after the process of identifying persons who satisfy the class definition is complete.

This Memorandum Decision and Order moots the first concern by clarifying the class certification decision.  Moreover, although the Court granted an extension until April 16, 2007 to seek amendment or joinder of parties (see below in this Memorandum Decision and Order and the Court's January 12, 2007 decision in the *Merrithew/Howell v. Park Pointe* matter), notice should not be delayed regardless of whether or not Plaintiffs seek to join principals.  The Court will decide whether the principals are subject to the class certification ruling and whether an additional class notice is necessary if and when they are joined.

Finally, the Court recognizes that the motions for approval and form of class notice were filed several months ago.  Based on the clarifications in this Memorandum Decision and the Court's earlier decisions, Defendants should now be able to identify the vast majority of persons who satisfy the class definition. The Court will therefore deny the request to delay sending out the notices.

**Memorandum Decision and Order - 15**

**C.      Motion to Dismiss Plaintiff's RESPA Claim**[3]

Defendant Park Pointe seeks dismissal of the Howells' RESPA claim

pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be

granted.  A complaint should not be dismissed pursuant to Rule 12(b)(6) unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.  *See Smilecare Dental Group v. Delta*

*Dental Plan of California, Inc., 88 F.3d 780, 784 (9th Cir. 1996).*  "All allegations

of material fact are taken as true and construed in the light most favorable to the

plaintiff."  *Id. at 783-84.*

Plaintiffs' RESPA claim involves two broad assertions: (1) Defendants

failed to disclose the true amount of Defendants' real estate commission; and (2)

Defendant accepted fees for services not performed.  With respect to the first

assertion, although the Ninth Circuit has not opined on the issue, several courts

have held that there is no private cause of action under RESPA for failure to

disclose settlement costs.  *See e.g. Bloom v. Martin, 865 F.Supp. 1377 (N.D. Cal.*

*1994); Morrison v. Brookstone Mortgage Co., 415 F.Supp.2d 801* (S.D. Ohio

2005); *Campbell v. Machias Sav. Bank, 865 F.Supp. 26 (D. Maine 1994).*  It is also

---

[3] This part of the decision applies only to the *Merrithew/Howell v. Park Point* matter.

**Memorandum Decision and Order - 16**

important to note that while certain provisions of RESPA expressly provide private remedies for violations of those provisions, the disclosure provision of RESPA in Section 2603 does not.  Accordingly, this Court finds that no private cause of action exists under RESPA for failure to disclose settlement costs.

With respect to Plaintiffs' claim that Defendant accepted fees for services not performed, RESPA states that certain kickbacks and unearned fees associated with a residential real estate closing involving a federally related mortgage loan are prohibited.  See 12 U.S.C. § 2607.  Plaintiffs' claim relates specifically to Section 2607(b), which states as follows:

> Splitting charges.  No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

Although the Ninth Circuit has yet to address the issue, several other circuit courts have found that in order to state a claim under § 2607(b), a plaintiff must allege that the defendant split or shared the unearned fee with a third party to the real estate transaction.  *See e.g., Boulware v. Crossland Mortgage Corp.*, 291 F.3d 261, 265 (4th Cir. 2002); *Weizeoric v. ABN AMRO Mortgage Group, Inc.*, 337 F.3d 827, 831 (7th Cir. 2003); *Haug v. Bank of America, N.A.*, 317 F.3d 832, 836

**Memorandum Decision and Order - 17**

(8th Cir. 2003).  Furthermore, other circuit courts have concluded that § 2607(b) does not prohibit excessive fees or overcharges.  *See e.g., Kruse v. Wells Fargo Home Mortgage, Inc.*, 383 F.3d 49, 55-57 (2nd Cir. 2004); *Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384, 386-88 (3rd Cir. 2005).

Plaintiffs make no allegations of fee sharing or splitting.  At most, their claims relate to excessive fees or overcharges.  Accordingly, Plaintiffs' RESPA claims based on Section 2607(b) fail as a matter of law.

**D.    Motions to Extend CMO Deadline Re: Joinder of Parties and Motions for Leave to File Amended Answer to Third Amended Complaints.**

On January 12, 2007, the Court granted Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties in the *Merrithew/Howell v. Park Pointe* matter, giving the parties until April 16, 2007 to seek amendment or joinder of parties in the.  The Court also granted Park Pointe's Motion for Leave to File Amended Answer to Plaintiff's [Third] Amended Complaint and Demand for Jury Trial in that case.  For the same reasons expressed in that opinion (See Docket No. 60 in Case No. CV-06-061-S-BLW), the Court will grant the motions to extend the CMO deadline re: joinder of parties and motions for leave to file amended answer to third amended complaints pending in the other cases.  The parties will have until April 16, 2007 to seek amendment or joinder of parties in all cases.

**Memorandum Decision and Order - 18**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that in Case No. CV-04-121-S-BLW:

1.    Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 104) shall be, and the same is hereby, GRANTED.  Plaintiffs shall have until April 16, 2007 to seek amendment or joinder of parties;

2.    Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 109) shall be, and the same is hereby, GRANTED in part and DENIED in part as outlined above; and

3.    Defendant's Motion for Clarification of Class Certification Decision (Docket No. 121) shall be, and the same is hereby, GRANTED in part and DENIED in part as outlined above.

IT IS FURTHER ORDERED that in Case No. CV-06-59-S-BLW:

1.    Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 21) shall be, and the same is hereby, GRANTED.  Plaintiffs shall have until April 16, 2007 to seek amendment or joinder of parties;

2.    Defendant's Motion for Leave to File Amended Answer to Plaintiff's

[Third] Amended Complaint and Demand for Jury Trial (Docket No. 22) shall be, and the same is hereby, GRANTED.

3.     Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 25) shall be, and the same is hereby, GRANTED in part and DENIED in part as outlined above; and

4.     Defendant's Motion for Clarification of Class Certification Decision (Docket No. 27) shall be, and the same is hereby, GRANTED in part and DENIED in part as outlined above.

IT IS FURTHER ORDERED that in Case No. CV-06-60-S-BLW:

1.     Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 23) shall be, and the same is hereby, GRANTED.  Plaintiffs shall have until April 16, 2007 to seek amendment or joinder of parties;

2.     Defendant's Motion for Clarification and/or Reconsideration of Class Certification Decision (Docket No. 32) shall be, and the same is hereby, GRANTED in part and DENIED in part as outlined above; and

3.     Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 40) shall be, and the same is hereby, GRANTED in part

and DENIED in part as outlined above.

IT IS FURTHER ORDERED that in Case No. CV-06-61-S-BLW:

1.     Plaintiffs' Motion for Approval of Form and Manner of Class Notice (Docket No. 31) shall be, and the same is hereby, GRANTED in part and DENIED in part as outlined above;

2.     Defendant's Motion for Clarification of Class Certification Decision (Docket No. 45) shall be, and the same is hereby, GRANTED in part and DENIED in part as outlined above; and

3.     Defendant's Motion to Dismiss Plaintiff's Real Estate Settlement Procedures Act Claim (Docket No. 52) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file this

Memorandum Decision and Order in each of the following four cases: CV-04-121-

S-BLW; CV-06-59-S-BLW; CV-06-60-S-BLW; and CV-06-61-S-BLW.

DATED:  **March 14, 2007**



Honorable B. Lynn Winmill
Chief U. S. District Judge